IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

CIVIL ACTION NUMBER 1:16-CV-1038

| ARIANA QAYUMI, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Notice of Removal of |
| v. | ) | Durham County Superior Court |
| | ) | Case No. 16 CVS 3584 |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

PLEASE TAKE NOTICE that Defendant Duke University ("Duke"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully submits this Notice of Removal to remove to the United States District Court for the Middle District of North Carolina an action initiated against it in the Superior Court for Durham County, North Carolina. Removal of this action is based on the following:

1. On 1 August 2016, Plaintiff Ariana Qayumi filed her initial complaint against Duke University in the Superior Court for Durham County, North Carolina, No. 16 CVS 3584 (the "State Court Action"). A true and complete copy of the court file from the State Court Action is attached hereto as Exhibit 1, and is incorporated herein by reference.

2. This Notice of Removal is timely because it is filed within thirty days of filing and service of the Complaint upon Duke. See 28 U.S.C. § 1446(b).

3. The Complaint in the State Court Action lists two causes of action: (1) "Violations of Title IX (20 U.S.C. § 1681, et seq.)"; and (2) "Interference with Civil Rights (N.C. Gen. Stat. § 99D-1, et seq.)." Compl. ¶¶ 31-41 (Ex. 1).

4. Plaintiff's claim for "Violations of Title IX" is expressly stated as a federal claim, arising under the laws of the United States. See id. ¶¶ 31-35. As required by Title IX, Plaintiff also alleged that Duke is an educational institution that is a recipient of federal financial assistance. Id. ¶ 3. Finally, in her Prayer for Relief, Plaintiff seeks "[a] declaration that Duke University violated Plaintiff's federally protected rights." Id. ¶ 43(a).

5. This Court has original subject matter jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Therefore, Duke removes this case based on the presence of a federal question, pursuant to section 1331.

6. Since Plaintiff's claim for "Violations of Title IX" arises under federal law, Plaintiff's claim in the State Court Action may be removed pursuant to 28 U.S.C. § 1441.

7. Plaintiff also pleads a state law claim for "Interference with Civil Rights." Compl. ¶¶ 36-41. This claim is based on the same factual allegations that underlie her federal claim. See id.

8. Because the Court has original jurisdiction over Plaintiff's federal claim, the Court has supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Federal and state law claims that "derive from a common nucleus of operative fact" form a single constitutional case for the purpose of subject matter jurisdiction. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 165 (1997) (internal quotation omitted).

9. Because Plaintiff's two claims derive from a common nucleus of operative fact, the Court has supplemental jurisdiction over Plaintiff's claim for "Interference with Civil Rights" that arises under North Carolina state law. See id.

10. The Middle District of North Carolina is the federal district embracing Durham County, North Carolina, where the suit was originally filed. See 28 U.S.C. § 113(b). Venue, therefore, is proper in this District pursuant to 28 U.S.C. § 1441(a).

11. Duke is the only Defendant in this action. Although the caption in the Complaint refers to "Duke University, et al.," Plaintiff did not plead claims against

any other person or entity, or cause a summons to be issued against any other defendant. See generally Ex. 1. Consent of other defendants is thus not at issue in this case.

12. Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff and filed promptly with the Clerk of the Superior Court for Durham County.

13. By filing this Notice of Removal, Duke does not waive any defenses that may be available to it and expressly reserves all such defenses, objections, and motions.

WHEREFORE, Defendant Duke University respectfully requests that the above-styled action currently pending against Duke University in the Superior Court for Durham County, North Carolina, be removed therefrom to this Court, and that this Court assume full jurisdiction over the causes herein as provided by law.

This the 9th day of August, 2016.

Respectfully submitted,

/s/ Dixie T. Wells
Dixie T. Wells
N.C. State Bar No. 26816
Christopher W. Jackson
N.C. State Bar No. 42939
ELLIS & WINTERS LLP
300 N. Greene, Suite 800

Greensboro, NC 27401
Tel.  (336) 217-4193
Fax  (336) 217-4198
dixie.wells@elliswinters.com
chris.jackson@elliswinters.com

Thomas H. Segars
N.C. State Bar No. 29433
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, NC 27636
Tel. (919) 865-7000
Fax (919) 865-7010
tom.segars@elliswinters.com

Attorneys for Defendant Duke University

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 9, 2016 the foregoing Notice of Removal was served on counsel for Plaintiff by depositing a copy thereof in the United States mail, postage prepaid, first class, addressed as follows:

Robert C. Ekstrand
Ekstrand & Ekstrand LLP
110 Swift Avenue, Second Floor
Durham, North Carolina 27705

Attorney for Plaintiff

This the 9th day of August, 2016.

/s/ Dixie T. Wells
Dixie T. Wells
N.C. State Bar No. 26816
ELLIS & WINTERS LLP
300 N. Greene, Suite 800
Greensboro, NC 27401
Tel. (336) 217-4193
Fax (336) 217-4198
dixie.wells@elliswinters.com