# EXHIBIT 1

NORTH CAROLINA GENERAL COURT OF JUSTICE
DURHAM COUNTY SUPERIOR COURT DIVISION

16-CVS-3584

ARIANA QAYUMI,
    *Plaintiff,*

v.

DUKE UNIVERSITY, ET AL.,
    *Defendants.*



DURHAM COUNTY
FILED
AUG 1 201:
AT 4:24 O'CLOCK P.M.
CLERK OF SUPERIOR COURT

## COMPLAINT
## JURY TRIAL DEMANDED

Plaintiff, upon information and belief, alleges and says:

1. Plaintiff, Ariana Qayumi, is a citizen and resident of California.

2. Defendant, Duke University, was formed under the laws of North Carolina. Its principal office and place of business is in Durham, North Carolina, and it regularly conducts business there.

3. Duke University is an "educational institution" that operates "education program[s] . . . receiving Federal financial assistance" as those phrases are used in 20 U.S.C. § 1681.

4. This Court has personal jurisdiction over Duke University under N.C. Gen. Stat. § 1-75.4 because Duke University is a domestic corporation; it is engaged in substantial activity within this State; and this is an action claiming injury arising out of an act or omission within this State by Duke University.

5. This Court has subject matter jurisdiction over this action. Plaintiff's claims arise under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681, *et seq.*, and the laws of the State of North Carolina.

6. Venue is proper in Durham County under G.S. § 1-82 because Defendant regularly conducts business there.

7. The Superior Court is the proper division of the General Court of Justice to adjudicate this action because the amount in controversy exceeds $25,000 exclusive of interest and costs.

8. Plaintiff was subjected to a drug-facilitated rape by fellow students, Colby Leachman and Brian Self, while all three were enrolled as undergraduate students at Duke University and while Leachman's step-father, Peter Lange, was Duke University's Provost.

9. Ariana reported the rape and sexual assault to proper University officials and to the Duke Police Department.

10. Around the same time, other students made similar reports to University officials of Leachman and Self engaged in similar sexual misconduct with other, similarly isolated and incapacitated women.

11. Within weeks of Ariana's sexual assault, a student reported to Assistant Dean Christine Pesetski that he personally witnessed Leachman, Self, and another student employ the same *modus operandi* that was used in the drug facilitated rape of Plaintiff with a female student who was visiting from another university. According to the student's report, like Plaintiff at the time of her encounter with Leachman and Self, the young woman was clearly impaired, isolated, and unfamiliar with the dorm and those who lived there. Leachman took the young woman into his room, and soon thereafter sounds of sexual activity could be heard. Roughly 30 to 45 minutes later, Self and Frank Jones appeared on the hall, and walked into Leachman's room without knocking. Soon after, the witness heard the distinct sounds of sexual activity inside the room, and all three men remained inside the room with the young woman for another 30 to 45 minutes.

12. Dean Pesetski advised the reporting student that the Office of Student Conduct would open a file based on his report, close it immediately, and that the Office of Student Conduct would notify him if it received any other report of sexual misconduct involving Leachman, Self, or Jones.

13. Although Ariana reported asexual assault committed by the same people employing the same *modus operandi* within weeks of that student's report,

-2-

neither Duke Police nor OSC contacted that student or disclosed his report to Ariana.

14. Similarly, University officials received another report that Leachman, Self, and Jones engaged in sexual misconduct, pursuant to a similar modus operandi, with another young woman under similar circumstances that were characterized by Duke's investigating officer as a "gang rape." Like the other report, the details of that report were not disclosed to Plaintiff.

15. To investigate the allegations of sexual misconduct, the University retained Celia Irvine.

16. Ms. Irvine is a psychologist with no experience in conducting criminal investigations, and was never licensed to conduct investigations in North Carolina.

17. Ms. Irvine published an report of her "investigation" that concealed the evidence of drug-facilitated sexual assaults committed by the same students who assaulted Plaintiff according to the same *modus operandi*; concealed the evidence that Plaintiff was subjected to a drug-induced sexual assault; and characterized Plaintiff's drug-induced conduct as consent.

18. Upon information and belief, the purpose of Ms. Irvine's report was to fabricate a basis for the University to not suspend, expel, or remove Leachman from the University; and not to undertake any other course of conduct that the University was required to pursue in order to remedy the hostile educational environment created by Leachman.

19. After Leachman lied to police about the existence of a video recording of a portion of the sexual assault, the police obtained a copy of the video from Leachman's phone.

20. Leachman then admitted that he secretly videotaped a portion of the sexual assault of Plaintiff.

21. The Duke Police investigator advised University officials that the conduct Leachman admitted to was a felony under North Carolina law.

- 3 -

22. Duke University routinely expels and suspends students for less egregious violations of its sexual misconduct policy.

23. On July 12, 2013, the University placed Leachman on probation for his violation of the University's sexual misconduct policy. That sanction was confidential, and not reportable outside of the University.

24. That sanction was the University's only response to Plaintiff's and other students' reports and evidence of Leachman's sexual misconduct.

25. Plaintiff then complained to Duke University's Office of Institutional Equity (OIE), asserting that Title IX required the University do much more than placing one of her assailants on probation, and that, if additional measures were not taken by OIE, the University would be in violation of Title IX.

26. On September 30, 2013, OIE issued a decision on behalf of Duke University concluding that, among other things: (1) placing Leachman on probation was sufficient to remedy the hostile educational environment that Plaintiff suffered as a result of Leachman's sexual misconduct; (2) that the University's response to the sexual assault of Plaintiff and Leachman's secret recording of it were sufficient to meet its obligations under Title IX; and (3) that the University would do nothing more to address the reports and evidence of the sexual misconduct of Leachman, Self, and/or Jones.

27. At the time the OIE rendered its decision ratifying the University's response to the reports and evidence of Leachman's sexual misconduct involving Plaintiff and other female students at Duke, Leachman's step-father was the Provost of Duke University.

28. Throughout the events described herein, the individuals involved in determining the University's response to the reports and evidence of Leachman's sexual misconduct were all subordinates of Leachman's step-father, who, as Provost, was the University's most-senior official and had plenary authority over the University's response to the reports and evidence of his step-son's sexual misconduct.

-4-

29. The foregoing conduct of the University officials, employees, and agents was done in the course of and in furtherance of their employment or agency with Duke University. As such, the foregoing conduct is imputed to Duke University pursuant to the doctrine of *respondeat superior*.

30. As a result of the foregoing conduct, Plaintiff has compensable harms, including but not limited to economic losses, lost earning capacity, emotional harm, reputational harm, and other damages to be proven at trial.

## I.
## VIOLATIONS OF TITLE IX
(20 U.S.C. § 1681, *et seq.*)

31. All other allegations in this Complaint are incorporated by reference as though fully set out here.

32. The drug-facilitated rape that Plaintiff suffered constituted sexual harassment that was so severe and pervasive that it deprived Plaintiff of educational opportunities or benefits.

    a. Officials and employed authorized to respond on behalf of Defendant received actual notice that:

    b. Plaintiff was subjected to a drug-facilitated rape by Leachman and Self;

    c. that Leachman admitted to secretly video recording a portion of the sexual assault of Plaintiff;

    d. that within weeks of the sexual assault of Plaintiff, a visiting student had been subjected to a drug-facilitated rape by Leachman, Self, and Jones;

    e. that the three men conducted the rape of the visiting student according to the same *modus operandi* as that employed in the rape of Plaintiff; and

    f. that there was at least one report what one Duke Police officer described as "a gang rape" involving Leachman, Self, and/or Jones.

33. Defendant's response to the foregoing reports of sexual harassment was clearly unreasonable, evinced the institution's deliberate indifference to severe and pervasive sexual harassment suffered by Plaintiff, and otherwise violated Title IX.

34. As a result of Defendant's deliberate indifference and clearly unreasonable response to the severe and pervasive sexual harassment Plaintiff suffered, Plaintiff was excluded from participation in, denied the benefits of, and was subjected to discrimination in Defendant's educational programs and activities. For example,

    a. Plaintiff was unable to participate meaningfully in Defendant's educational and extracurricular programs and activities;

    b. Plaintiff suffered a marked decline in her ability to learn and achieve academically;

    c. Plaintiff ultimately could not participate in Defendants' educational programs and activities at all, and was forced to transfer to another educational institution in order to avoid the hostile educational environment at Duke University.

35. As a direct and foreseeable result of the foregoing conduct, Plaintiff suffered and continues to suffer compensable harms, including but not limited to economic losses, lost earnings, lost earning capacity, lost tuition and expenses, emotional harm, reputational harm, and other damages to be proven at trial.

## II.
## INTERFERENCE WITH CIVIL RIGHTS
(N.C. Gen. Stat. § 99D-1, *et seq.*)

36. All other allegations in this Complaint are incorporated by reference as though fully set out here.

37. As alleged above, two or more persons, motivated by gender, conspired to interfere with Plaintiff's exercise or enjoyment of a right secured by the Constitution and laws of the United States or North Carolina, or of a right

— 6 —

secured by a law of the United States or North Carolina that enforces, interprets, or impacts on a constitutional right.

38. One or more of those persons engaged in the foregoing conspiracy used force, repeated harassment, and physical harm to commit an act in furtherance of the object of the conspiracy.

39. At least one of the foregoing acts in furtherance of the conspiracy constituted an attempt to interfere with Plaintiff's exercise or enjoyment of a right secured by a law of the United States.

40. As a direct and foreseeable result, Plaintiff suffered and continues to suffer compensable harms, including but not limited to economic losses, lost earnings, lost earning capacity, lost tuition and expenses, emotional harm, reputational harm, and other damages to be proven at trial.

41. Plaintiff is therefore entitled to an award of compensatory and punitive damages pursuant to N.C. Gen. Stat. § 99D-1, *et seq.*

## JURY TRIAL DEMAND

42. Plaintiff respectfully demands a jury trial on all issues so triable in this action.

## PRAYER FOR RELIEF

43. Therefore, Plaintiff respectfully prays that the Court enter a Judgment that includes:

   a. A declaration that Duke University violated Plaintiff's federally protected rights;

   b. An award of compensatory damages;

   c. An award of punitive damages as allowed by law;

   d. Prejudgment and post-judgment interest on the award of damages;

- 7 -

e. An award to Plaintiff of the costs of this action, including attorneys' fees allowed by law; and

f. All other and further relief that the Court deems just and proper.

Respectfully submitted on this the 1st day of August, 2016.

_____
Robert C. Ekstrand
N.C. Bar No. 26673
Ekstrand & Ekstrand LLP
110 Swift Avenue, Second Floor
Durham, North Carolina 27705
Tel: (919) 416-4590
Fax: (919) 416-4591
Counsel for Plaintiff

NORTH CAROLINA                      GENERAL COURT OF JUSTICE
DURHAM COUNTY                    SUPERIOR COURT DIVISION

ARIANA QAYUMI,
       *Plaintiff*,

v.

DUKE UNIVERSITY, ET AL.,
       *Defendants*.

## CERTIFICATE OF SERVICE

I certify that, on 1 August 2016, the foregoing Complaint was served on all parties to this action by delivering it to the office of the registered agent and/or counsel of record for Defendant via US Mail.

Robert C. Ekstrand

FILED
2016 JUL 28 PM 1:05
DURHAM COUNTY, C.S.C.
BY: _____

NORTH CAROLINA　　　　　　　　　　　　　　　GENERAL COURT OF JUSTICE
DURHAM COUNTY　　　　　　　　　　　　　　　　SUPERIOR COURT DIVISION

ARIANA QAYUMI

　　　　Plaintiff

　　　　v.　　　　　　　　　　　　　　　　　　　16-CVS-03584

DUKE UNIVERSITY

　　　　Defendant

## AFFIDAVIT OF SERVICE OF THE SUMMONS AND APPLICATION AND ORDER EXTENDING TIME TO FILE COMPLIANT UPON DUKE UNIVERSITY

Louisa Clark personally appeared before me and, being duly sworn, stated as follows:

　　　1. I am over 18 years old, I am under no disability, and I am otherwise competent to make this affidavit, which is based on my own personal knowledge.

　　　2. I am employed by Ekstrand & Ekstrand LLP, the law firm representing the Plaintiff in the above-captioned action.

　　　3. On Thursday, July 14, 2016, a package containing a copy of the Application and Order Extending Time to File Complaint and Civil Summons to be served with Order Extending Time to File Complaint issued to Duke University was deposited with a designated delivery service authorized under G.S. 1A-1, Rule 4, for delivery with delivery receipt requested, addressed to Duke University's registered agent as follows:

　　　　　　Duke University
　　　　　　c/o Pamela J. Bernard
　　　　　　310 Blackwell Street, 4th Floor
　　　　　　Durham, NC 27701

　　　4. I received notice that, on Monday, July 18, 2016, the package containing a copy of the Application and Order Extending Time to File Complaint and Civil Summons to be served with Order Extending Time to File Complaint issued to Duke University was in fact received as evidenced by the attached delivery receipt, annexed to this Affidavit of Service as **Exhibit 1**.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Louisa C. Clark

Subscribed and sworn to before me in the State of North Carolina
in the County of ___Wake___ on this the _26_ day of July, 2016

_____
Notary Public
My commission expires: __11-19-2020__

# EXHIBIT 1



July 18, 2016

Dear Customer:

The following is the proof-of-delivery for tracking number **776743987767**.

### Delivery Information:

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered to:** | Receptionist/Front Desk |
| **Signed for by:** | M.HOOVER | **Delivery location:** | 310 BLACKWELL ST STE 400 Durham, NC 27701 |
| **Service type:** | FedEx 2Day | **Delivery date:** | Jul 18, 2016 11:24 |
| **Special Handling:** | Deliver Weekday | | |
| | Direct Signature Required | | |

### Shipping Information:

| | | | |
|---|---|---|---|
| **Tracking number:** | 776743987767 | **Ship date:** | Jul 14, 2016 |

**Recipient:**
Duke University
c/o Pamela J. Bernard
310 Blackwell Street, 4th Floor
Durham, NC 27701 US

**Shipper:**
Robert Ekstrand
EKSTRAND & EKSTRAND, LLP
110 Swift Avenue, 2nd Floor
Durham, NC 27705 US

Thank you for choosing FedEx.

FILED
2016 JUL 28 PM 1:36
DURHAM COUNTY, C.S.C.
BY

NORTH CAROLINA     GENERAL COURT OF JUSTICE
DURHAM COUNTY     SUPERIOR COURT DIVISION

ARIANA QAYUMI

     Plaintiff

v.      16-CVS-03584

DUKE UNIVERSITY

     Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Affidavit of Service by Designated Delivery Service of Application and Order Extending Time to File Complaint and Summons issued to Duke University were served upon each party to this action by sending a copy thereof via United States Mail to the office of the attorney of record or registered agent of each party as detailed below.

**Counsel / Registered Agent for Defendant Duke University**
Duke University
c/o Pamela J. Bernard
310 Blackwell Street, 4th Floor
Durham, NC 27701

Dated: July 25, 2016

Robert Ekstrand
EKSTRAND & EKSTRAND LLP
110 Swift Avenue, Second Floor
Durham, North Carolina 27705
Tel. (919) 416-4590
Fax (919) 416-4591
rce@ninthstreetlaw.com
Counsel for Plaintiff

LAW OFFICES
# EKSTRAND & EKSTRAND LLP
110 SWIFT AVENUE, 2ND FLOOR

DURHAM, NORTH CAROLINA 27705

TEL (919) 416-4590

FAX (919) 416-4591

Louisa C. Clark
PARALEGAL
lcc@ninthstreetlaw.com

FILED
2016 JUL 28 PM 1: 35
DURHAM COUNTY. C.S.C.
BY PWV

July 26, 2016

VIA U.S. MAIL

The Honorable Archie L. Smith, III
Clerk of Superior Court, Durham County
510 South Dillard Street
Durham, NC 27701

Re: *Ariana Qayumi v. Duke University*

File No. *16-CVS-03584*

Dear Mr. Smith:

Enclosed please find one original and one copy of the Affidavit of Service of the Summons and Application and Order Extending Time to File Compliant upon Duke University, in the above-referenced matter. I ask that you please file the original and return the file-stamped copy to me in the enclosed postage paid envelope. If you have any questions, please do not hesitate to contact our office.

Sincerely,

Louisa C. Clark

Enclosures

cc:  Counsel/Registered Agent for Defendant Duke University

| STATE OF NORTH CAROLINA | File No. 16 CVS 003584 |
|---|---|
| DURHAM County | In The General Court Of Justice<br>☐ District ☒ Superior Court Division |

FILED
2016 JUL 12 P 12:30
DURHAM CO., C.S.C.
BY ___

Name Of Plaintiff: ARIANA QAYUMI

VERSUS

Name Of Defendant: DUKE UNIVERSITY

**APPLICATION AND ORDER EXTENDING TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 3

## APPLICATION

The undersigned requests permission to file a complaint in this action within twenty (20) days of any order granting this Application, as provided in Rule 3 of the Rules of Civil Procedure. The nature and purpose of the action are:

**Name And Purpose Of The Action**
Plaintiff seeks all relief available to her in connection with her educational contract with Duke University and Duke University's response to actual notice received by officials authorized to respond on behalf of Defendant, of reports that: (1) Plaintiff was subjected to a drug-facilitated rape by two other students; (2) one of Plaintiff's assailants admitted to secretly video recording a portion of it; (3) within weeks of the sexual assault of Plaintiff, a visiting student was subjected to a drug-facilitated rape by the same students who assaulted Plaintiff; (4) the sexual assault of the visiting student was committed according to the same modus operandi employed in the sexual assault of the Plaintiff; and (5) at least one more sexual assault that a Duke Police officer described as "a gang rape" that was committed by the students who assaulted Plaintiff and during the same period.

Date: 7-12-2016

Signature: _[signature]_

☐ Applicant
☒ Attorney For Applicant

## ORDER

The Court states that the nature and purpose of this action are as set forth above.

Therefore, it is ORDERED that permission is granted to the applicant to file a complaint in this action up to and including the date shown below.

File Complaint On Or Before: 8.1.16
(Date must be within 20 days of date of Order.)

Date Of Order: 7-12-2016

Signature: _[signature]_

☒ Assistant Clerk Of Superior Court  ☐ Clerk Of Superior Court

**NOTE:** Under Rule 3 of the Rules of Civil Procedure, upon entry of this Order, a summons shall be issued and the summons and a copy of this Order must be served in accordance with the provisions of Rule 4. A complaint must be filed in this action within the period provided above and that complaint must be served in accordance with the provisions of Rule 4 or by registered mail if the plaintiff so elects. If a complaint is not filed within the above period, the action shall abate.

FILED 2016 JUL 12 P 12:34 DURHAM CO., C.S.C. BY ___

AOC-CV-101, Rev. 7/11
© 2011 Administrative Office of the Courts

| STATE OF NORTH CAROLINA | File No. 16 CVS 003584 |
|---|---|
| DURHAM County | Film No. |

FILED

In The General Court Of Justice
☐ District ☒ Superior Court Division

| Name Of Plaintiff | |
|---|---|
| ARIANA QAYUMI | 2016 JUL 12 P 12:34 |
| VERSUS | DURHAM CO., C.S.C. |
| Name Of Defendant(s) | BY |
| DUKE UNIVERSITY | |

**CIVIL SUMMONS
TO BE SERVED WITH
ORDER EXTENDING
TIME TO FILE COMPLAINT**

G.S. 1A-1, Rule 4

| TO: | TO: |
|---|---|
| DUKE UNIVERSITY | |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or the plaintiff's attorney within thirty (30) days after you have been served with the complaint as authorized in the attached order. You may serve your answer by delivering a copy to the plaintiff or the plaintiff's attorney or by mailing a copy to one of them at his/her last known address.

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (If None, Address Of Plaintiff) | Date | Time | |
|---|---|---|---|
| Robert Ekstrand | 7-12-2016 | 12:34 | ☐ AM ☒ PM |
| EKSTRAND & EKSTRAND LLP | Signature | | |
| 110 Swift Avenue, Second Floor | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk Of Superior Court | | |
| Durham, North Carolina 27705 | | | |

AOC-CV-102, Rev. 1/10
© 2010 Administrative Office of the Courts
(Over)

```
                                                              16 CVS 03584
              DURHAM COUNTY CLERK OF SUPERIOR COURT
                         CIVIL RECEIPTING
```

DURHAM COUNTY CLERK OF COURT
R059299            07/12/16  12:39:20

PAYOR: QAYUMI,ARIANA
PAYEE: PD BY EKSTRAND & EKSTRANDLLP
CASE#: 16CVS003584  VCAP:Y
CITA#:

FILE NO(S): _____

PAYOR NAME: __Qayumi, Ariana__
(PARTY TO CASE)

PAYEE NAME: __Ekstrand + Ekstrand LLP__
(PAID BY: ATTORNEY, PLAINTIFF, DEFENDANT, INTERESTED PARTY, ETC.)

| Code | Description | Amount |
|---|---|---|
| 21120 | SC-CIVIL FEES | 177.55 |
| 21121 | SC-CV LAA FEES | 2.45 |
| 24681 | JUD TECH & FAC | 4.00 |
| 22120 | CO FAC FEE S CV | 16.00 |

TOTAL PAID     200.00
CO TENDERED    200.00
CHANGE            .00

5430   ID C31DTD

## VCAP FLAG = YES

**FILING FEES:**
(NEW/COUNTERCLAIMS/CROSS-CLAIMS)

__1__ CVS         $ 200.00

____ CVD         $ 150.00

____ CONDEMNATIONS $_____ (26130)

____ CONFESSION OF JUDGMENT
       $_____ (21400)

____ UPSET BID $_____ (26700)

## VCAP FLAG = NO

____ A&P/ENDORSEMENTS $_____ (21455)

____ NOTICE OF HEARING $_____ (21450)

____ LIS PENDENS $_____ (21400)

____ NOTICE OF CONTRACT $_____ (21400)

____ TRIAL DE NOVO $_____ (24310)

____ CHANGE OF VENUE $_____ (22220)

____ LIMITED DRIVING PRIVILEGE $_____ (24335)

____ REST OF CITIZENSHIP $_____ (21400)

____ PRO HAC VICE   $_____ (24625)

____ MISC FEE $_____  _____

✓PLT PAID ___CASH, ___CC, OR ✓CHECK    ✓PLT TOOK COPIES TO ___ SHERIFF OR ✓ CERT MAIL ETC

○CLERKS OFFICE SENT COPIES TO SHERIFF    ○MAILED OUT DATE __N/A__

LIZ TAPLEY~EXT. 3073