IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ARIANA QAYUMI, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1038 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

This matter is before the Court on the plaintiff's motion for an extension of time to complete discovery. Doc. 53. On December 14, 2017, the Magistrate Judge entered a text order granting the plaintiff's motion for extension. The defendant Duke University objects to the Magistrate Judge's order. Doc. 56. Because the plaintiff has not shown good cause for the extension of the discovery period and has not acted with due diligence, the motion will be denied.

This case was filed in state court and removed to this court in August 2016. *See* Doc. 1. On January 18, 2017, the Court entered the Rule 16 Scheduling Order. Doc. 32. Discovery thus began on January 18, 2017, and was scheduled to end on October 18, 2017. *Id.* This nine-month discovery period, which was agreed-upon by the parties, Doc. 31, is the longest contemplated by the Local Rules. *See* LR 26.1. By notice filed April 17, 2017, the case was set for trial during the July 2018 Civil term of court. Doc. 36.

After Duke filed a Motion to Compel Discovery in August, Doc. 37, and a Motion to Exclude Expert Opinion Testimony, Doc. 39, the Court extended the discovery period until November 30, 2017. Text Order, Sept. 18, 2017. As part of that Order, the Court "emphasize[d] the importance of adhering and complying with the discovery schedule and other deadlines set by this Court." *Id.*

On the day the discovery period was scheduled to close, the plaintiff moved to extend the discovery period for two months. *See* Doc. 53. The plaintiff asserted she needed more time to produce documents in the custody of third parties and "additional time to conduct additional discovery relating to the roughly 10,500 pages of documents Defendant produced in response to Plaintiff's requests" to produce documents. *Id.* at ¶ 6. The plaintiff asserted she would use this time to "streamline the issues, clarify the factual disputes, and ensure that she is able to present authenticated, admissible evidence to defend the motion for summary judgment that Defendant intends to file." *Id.* at ¶ 7.

In general, a scheduling order may be modified only for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). Good cause generally requires the exercise of reasonable diligence by the party seeking the modification. *See Belcher v. W.C. English Inc.*, 125 F. Supp. 3d 544, 549 (M.D.N.C. 2015); 3 James Wm. Moore et al., Moore's Federal Practice § 16.14[1][a], at 16-75 (3d ed. 2016)(stating that "the party seeking an extension must show that, despite due diligence, it could not have reasonably met the scheduled deadlines."); *see also* Fed. R. Civ. P. 16 advisory committee's note, 1983 Amendment, Discussion, Subdivision (b) ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party

seeking the extension."); LR 26.1(d) (providing that motions seeking to extend discovery period "must set forth good cause justifying the additional time and will be granted or approved only upon a showing that the parties have diligently pursued discovery").

The plaintiff has identified nothing which would support a finding that she acted with diligence during the discovery period. While she asserts in conclusory fashion that her efforts in pursuing discovery have been "extensive and exhaustive," Doc. 62 at 2, she fails to identify any such discovery. She does not dispute defense contentions, Doc. 56 at 2, that she:

- -- served no interrogatories or requests to admit during the discovery period;
- -- did not notice any depositions during the discovery period;
- -- waited until late August 2017 – some seven months after the discovery period began and less than two months before the end of discovery, as then scheduled – to serve requests to produce documents;
- -- received the bulk of Duke's document production on October 9, with the remainder served on October 26;
- -- did not then seek to depose any witnesses about the documents, nor did she serve any Requests to Admit to authenticate any of the documents; and
- -- waited for over a month after the last of these documents were produced to seek an extension of time to complete discovery.

In her motion, the plaintiff did not identify what specific discovery she needed from Duke, nor did she explain why she had been unable to obtain it during the discovery period. While she has since noticed the deposition of seven witnesses, *see* Docs. 62-1 –

3

62-7, she has yet to offer any explanation for why she needs those depositions or why she did not depose these witnesses before November 30, and she has not tied their depositions to any particular documents disclosed by Duke in October. *See* Doc. 62.

The plaintiff also asserts that she needs an extension of the discovery period in order to obtain documents from third parties. However, she does not dispute that these documents are responsive to discovery requests Duke served almost a year ago.[1] If and when the plaintiff receives those documents, they should of course be provided to Duke immediately and the close of the discovery period does nothing to remove that obligation. *See* Doc. 52 at ¶ 7. It is obvious that Duke is ready to proceed, *see, e.g., id*. at ¶ 9, and Duke should not be penalized with additional unwanted delay because the plaintiff has not provided responsive documents. Moreover, if the plaintiff believed these materials were important to her prosecution of this case, she should have obtained and provided them to the defendant long ago. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii). Her own delays in locating relevant evidence to support her case do not justify an extension of time.

Finally, an extension of the discovery deadline has a number of negative consequences in view of the long-set trial date. Overall, an extension of the discovery period would trade certainty for uncertainty, to the detriment of all parties and the Court.

---

[1] Duke asked the plaintiff for her communications with the Office for Civil Rights and for her student records from Stanford on January 19, 2017, *see* Doc. 37-4 at 7, 16-17; *see generally* Doc. 38, and Duke filed a motion to compel as to these materials in August. *See* Docs. 37, 38. The plaintiff failed to respond to that motion. She asserts in her recent brief that she has asked for her records from Stanford on three different occasions, though she does not provide the dates of those requests and has made no specific showing as to her diligence in seeking these records.

The Local Rules are designed to give the parties time to brief and the Court time, in the ordinary case, to decide any summary judgment motions before the disclosure requirements of Rule 26(a)(3) and LR 40.1(c) come into play. The forty-five-day extension approved by the Magistrate Judge means the summary judgment briefing would not be complete before the end of March at the earliest,[2] leaving only two months before pretrial disclosures are due.

Given that this case is not the only case on the Court's docket, this time frame places undue time pressures on the Court and makes it likely that the parties will begin serious trial preparation before it is known that a trial will happen or whether the issues will be narrowed by summary judgment rulings. As often happens when the discovery period is extended, one or both parties may seek a continuance to avoid that result. If the trial has to be continued, the delay harms all parties. If the case is not continued, the parties will prepare for trial without the benefit of a summary judgment decision.

Deadlines are in place for a reason and they are relied upon by the parties and the Court to move a case efficiently and fairly towards final resolution. The plaintiff has not explained why she could not prepare her case within the planned discovery period, which was generous to begin with and which was already extended once. She has failed to show good cause for the motion.

---

[2] If discovery is extended until January 15, then the defendant has until mid-February to file a summary judgment motion, LR 56.1(b), the plaintiff has thirty days to respond, and the defendant has two more weeks to reply. LR 56.1(e).

The Court concludes that the Magistrate Judge's Order to the contrary, which fails to address any of these undisputed facts, is clearly erroneous. 28 U.S.C. § 636(b)(1)(A).

It is **ORDERED** that:

1. The plaintiff's motion for an extension of time to complete discovery, Doc. 53, is **DENIED**.

2. The motion at Doc. 63 is **GRANTED**.

3. The notices of deposition at Docs. 62-1 – 62-7 are **QUASHED**.

This the 28th day of December, 2017.

_____
UNITED STATES DISTRICT JUDGE