# EXHIBIT 2

# EXHIBIT B

to Duke University's Motion
for Summary Judgment

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:16-cv-01038

| ARIANA QAYUMI, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | Declaration of David Dyson |
| v. | ) | |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

David Dyson, pursuant to the provisions of 28 U.S.C. § 1746, declares as follows:

1. My name is David Dyson. I am over eighteen years of age, of sound mind, and competent to testify in all other respects. I have personal knowledge of the matters set forth below.

2. From March of 2010 until the summer of 2012, I was employed by Duke University as a police officer, assigned to the investigations division of the Duke University Police Department ("Department").

3. On the morning of April 22, 2011, I began investigating a report of two incidents of possible sexual misconduct involving multiple male Duke students and unknown women. One of the alleged incidents that I investigated involved a woman who was not a Duke student. The other alleged incident that I investigated involved rumors of a sexual encounter recorded on a cell phone.

4. On April 22, 2011, I contacted investigators in the police departments at other universities, where the woman who was not a Duke student may have attended school, to ask if they had information regarding any possible victims of an alleged sexual assault that occurred at Duke University on or around April 9, 2011. My contacts at those departments told me that they had no such information, but indicated that they would notify me if they obtained such information.

5. On April 27, 2011, Lieutenant Stotsenberg and I spoke with Colby Leachman and Brian Self about both reported incidents of sexual misconduct. During our meeting with Mr. Leachman, he consented to a search of his cell phone. Lieutenant Stotsenberg found a video on Mr. Leachman's phone that Mr. Leachman admitted he had taken of Mr. Self and Ms. Qayumi. Our conversations with Mr. Leachman and Mr. Self led us to also interview Ariana Qayumi on April 27, 2011. My report of those conversations and the circumstances giving rise to them, completed on April 29, 2011, is attached as Exhibit 1 to this Declaration. It was the regular practice of members of the Department to prepare such reports as part of our official duties and this report was kept in the course of the regularly conducted investigation.

6. On that same day, April 27, 2011, Lieutenant Stotsenberg and I met with William McFayden of Durham Police Forensics. Mr. McFayden recovered a copy of a video file made on March 6, 2011, at 5:08 am, which lasts 18 seconds. That video file was the same video file that I had seen on Mr. Leachman's phone. Although the video quality is poor, my transcript of the conversation from the video is included in my report

2

that is attached as Exhibit 1 to this Declaration, as are further details about my interaction with Mr. McFayden.

7. On July 20, 2011, Investigator William Higgins and I met with Ariana Qayumi at the Department's Conference Room. My report of that meeting is attached as Exhibit 2 to this Declaration. It was my practice and the regular practice of members of the Department to prepare such reports as part of our official duties and this report was kept in the course of the regularly conducted investigation.

8. When I met with Ms. Qayumi on July 20, 2011, I described to her what was contained on the video retrieved from Mr. Leachman's cell phone. She became upset, ended our meeting, and left. Before she left, however, I encouraged her to call me back when she was ready to discuss the matter further. I did not hear from Ms. Qayumi again until the spring of 2012.

9. On May 3, 2012, I spoke with Ms. Qayumi by telephone. She called me at a number at the Department Headquarters on which all calls are recorded. A copy of that recording, which was kept in the course of the regularly conducted investigation, is attached to this Declaration as Exhibit 3.

10. On May 11, 2012, and a second time in July 2012, I again spoke with Ms. Qayumi by telephone. My report of the May 3, May 11, and subsequent conversations, each portion of which was made at or near the time of those conversations to ensure that my report was accurate, thorough, and complete, is attached as Exhibit 4 to this Declaration. It was my regular practice and the regular practice of members of the

3

Department to prepare such reports as part of our official duties and this report was kept in the course of the regularly conducted investigation.

11. Sometime between May 3 and May 11, 2012, I met with Kelley Gauger, an Assistant District Attorney for Durham County, to discuss Ms. Qayumi's case. Ms. Gauger told me that a charge of Secret Peeping was appropriate and that Mr. Leachman could be charged. She further told me that Ms. Qayumi would have to testify about Mr. Leachman for the charges to be brought.

12. I talked with Ms. Qayumi on May 11, 2012 regarding, in part, my meeting with Ms. Gauger. I told Ms. Qayumi she would have to testify if Mr. Leachman was charged criminally for the recording. Ms. Qayumi told me that she would be traveling for several weeks, but would contact me when she returned.

13. I next spoke with Ms. Qayumi in July 2012, after she had contacted Associate Dean Stephen Bryan about the possibility of filing a complaint through the Office of Student Conduct for Unauthorized Surveillance/Photography. During the call, Ms. Qayumi told me that she would be emailing me a statement about the incident. As of July 29, 2012, when I submitted the report that is attached to this Declaration as Exhibit 4, I still had not received Ms. Qayumi's written statement.

14. On July 12, 2013, after I was no longer employed by Duke University, I testified at the request of Duke University by Skype during the student conduct hearing arising out of Ms. Qayumi's allegations against Mr. Leachman and Mr. Self.

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 1, 2018

David Dyson

5