# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### 1:16-cv-01038

| | | |
|---|---|---|
| ARIANA QAYUMI, | ) | |
| | ) | |
| Plaintiff, | ) | **DUKE UNIVERSITY'S** |
| | ) | **BRIEF IN RESPONSE TO** |
| v. | ) | **NON-LITIGANTS' MOTION** |
| | ) | **TO FILE DOCUMENTS** |
| DUKE UNIVERSITY, | ) | **UNDER SEAL [DE 74]** |
| | ) | |
| Defendant. | ) | |

Defendant Duke University ("Duke") submits this Response to Non-Litigants' Motion to File Documents Under Seal. Duke does not oppose the Non-Litigants' requested relief of permanent sealing. Rather, Duke responds for the limited purpose of addressing the Non-Litigants' position that redacted portions of exhibits to Duke's Motion for Summary Judgment "are not material to the subject of the instant litigation." [DE 78 at 4.] Duke respectfully disagrees with this position and submits that the full versions of redacted documents must be considered to evaluate Duke's response to Plaintiff's report of sexual misconduct — the central basis for Plaintiff's lawsuit.

## STATEMENT OF RELEVANT FACTS

Plaintiff alleges she was raped by fellow students. (Am. Compl. ¶ 8 [DE 16].) She claims Duke violated Title IX of the Education Amendments of 1972 by responding to her report of the alleged rape with deliberate indifference. (See id. ¶¶ 56-63.)

On January 2, 2018, Duke moved for summary judgment on Plaintiff's remaining claims, including the Title IX claim. [DE 65.] In support of that motion, Duke argues

that its response to Plaintiff's report was not clearly unreasonable and did not reflect deliberate indifference. [See DE 66 at 12-17.] In order to make this showing, Duke must show the Court what its response actually entailed. Accordingly, Duke explained its response to Plaintiff's report, relying on documentary and testimonial evidence to satisfy its burden. [See id. at 2-10 (statement of facts).] Because of the sensitive nature of Plaintiff's claims and because of Duke's status as an educational institution that receives federal funding, however, Duke redacted portions of the record and offered both Plaintiff and the Non-Litigants an opportunity to assert confidentiality rights.

## **ARGUMENT**

Plaintiff accuses Duke of mishandling its investigation of and response to her report of sexual misconduct. Her claims necessarily put at issue every aspect of her report and Duke's response. This includes, among other things, the Duke University Police Department investigation and evidence collected during that investigation; communications among Duke, Plaintiff, the Non-Litigants, and potential witnesses; records from Duke's Office of Student Conduct; a report authored by a separate investigator; and materials presented to and created by Duke's Undergraduate Conduct Board. As the Non-Litigants explain, "Plaintiff relies upon the communications, reports, and hearing documents [from Duke's response] as substantive bases for her claims against Duke." [DE 78 at 2.]

These circumstances are central to Duke's defense, as well. One way Duke may show that Plaintiff's Title IX claim fails as a matter of law is to demonstrate the absence

2

of deliberate indifference in responding to her report.  See Davis v. Monroe Cnty. Bd. of Educ., 526 U.S. 629, 642 (1999) ("In an appropriate case, there is no reason why courts, on a motion to dismiss, for summary judgment, or for a directed verdict, could not identify a response as not 'clearly unreasonable' as a matter of law.").  To satisfy this burden, Duke has shown when it responded, how it responded, and why its response unfolded as it did.  Assessing the propriety of Duke's response — i.e., the absence of deliberate indifference — requires consideration of these details, in the aggregate.

In evaluating whether a school violated Title IX by acting with deliberate indifference, courts routinely examine exactly the type of evidence at issue here:  the details of the underlying report, the chronology of the school's investigation and response, and other details that provide context for why the school acted as it did.  See, e.g., Jennings v. Univ. of N.C., 482 F.3d 686, 700-01 (4th Cir. 2007) (holding plaintiff created a jury issue on deliberate indifference claim after reciting details of school's response and quoting statements made by school administrator); Butters v. James Madison Univ., 208 F. Supp. 3d 745, 747-54 (W.D. Va. 2016) (granting summary judgment for school based on absence of deliberate indifference after providing detailed chronology of plaintiff's report and school's response, including investigation and disciplinary proceedings); Ross v. Univ. of Tulsa, 180 F. Supp. 3d 951, 959-63, 968-69 (N.D. Okla. 2016) (same), aff'd, 859 F.3d 1280 (10th Cir. 2017); Wyler v. Conn. State Univ. Sys., 100 F. Supp. 3d 182, 185-88, 193-95 (D. Conn. 2015) (same).

Here, the redacted parts of exhibits to Duke's Motion for Summary Judgment

reflect irreplaceable portions of the record of how, when, and why Duke acted as it did. These redacted materials are centrally relevant and material to this case.

<u>**CONCLUSION**</u>

Although Duke does not oppose the relief sought by the Non-Litigants, Duke respectfully disagrees with the Non-Litigants' position regarding the relevance and materiality of redacted portions of documents, and asks the Court to consider the documents at issue in their entirety.

This the 23rd day of January 2018.

/s/ Dixie T. Wells
Dixie T. Wells
N.C. State Bar No. 26816
Christopher W. Jackson
N.C. State Bar No. 42939
**ELLIS & WINTERS LLP**
300 N. Greene, Suite 800
Greensboro, NC 27401
Tel.  (336) 217-4193
Fax  (336) 217-4198
dixie.wells@elliswinters.com
chris.jackson@elliswinters.com

Thomas H. Segars
N.C. State Bar No. 29433
**ELLIS & WINTERS LLP**
P O Box 33550
Raleigh, NC 27636
Tel. (919) 865-7000
Fax (919) 865-7010
tom.segars@elliswinters.com

*Attorneys for Defendant Duke University*

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 15.8</u>

The undersigned hereby certifies that this brief complies with the word limit requirements of Rule 7.3(d)(1) of the Rules of Practice and Procedure of the United States District Court for the Middle District of North Carolina. In making this certification, the undersigned has relied upon the word count feature of word processing software.

This the 23rd day of January, 2018.

/s/ Dixie T. Wells
Dixie T. Wells

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have electronically filed a copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filling to the following:

Kerry Sutton
Sutton & Lindsey, PLLC
3215 Deerchase Wynd, Suite 203
Durham, NC 27712
kws@suttonlindsay.com

Robert C. Ekstrand
Stefanie Sparks Smith
Ekstrand & Ekstrand LLP
110 Swift Avenue, Second Floor
Durham, North Carolina 27705
rce@ninthstreetlaw.com
sas@ninthstreetlaw.com

This the 23rd day of January, 2018.

/s/ Dixie T. Wells
Dixie T. Wells