UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:16-cv-01038-CCE-JLW

| | |
|---|---|
| ARIANA QAYUMI,<br>   Plaintiff,<br>v.<br><br>DUKE UNIVERSITY,<br>   Defendant. | **DECLARATION OF ELI KOZIN** |

ELI KOZIN, pursuant to 28 U.S.C. § 1746, make the following declaration based upon my own personal knowledge.

  1. I am over 18 years old, under no disability, and am otherwise competent to make this declaration.

  2. I matriculated to Duke University as a freshman in the fall of the 2010-11 school year.

  3. My roommate that year was Colby Leachman. Colby was the stepson of Peter Lange, who was the Provost of Duke University at the time, and Dr. Lori Leachman, a professor at Duke.

  4. On April 9, 2011, I met a young woman who was at Duke visiting mutual friends. I did not see her again until later that evening, in the early morning hours of April 10, 2011, when Colby Leachman brought her to our dorm. Her condition had changed dramatically.

  5. She was clearly very impaired. She had glassy eyes. She was unsteady on her feed. She swayed when she stood and staggered when she walked; she could not stand or walk without constant support from Colby.

  6. Colby told me that he needed the exclusive use of our room for a while. From my prior experiences with Colby, this meant that he intended to have some kind of sexual interaction with the young woman and wanted me to stay out of the room until they were done.

  7. Colby then steered the young woman into our room and closed the door. They remained there. Roughly 45 minutes later, two of Colby's friends,

Brian Self and Frank Jones, appeared on our hall and I watched them go into my room where Colby and the young woman still were.

8. Self and Jones closed the door behind them, and remained in the room. Not long thereafter, I heard the unmistakable sounds of sexual interactions from the hallway outside the door.

9. I became very concerned that the young woman was severely impaired or incapacitated, and, as such, that she did not consent or have the capacity to consent to the sexual conduct that was occurring, and, given the severity of her impairment, that she might not be able to recall later what was occurring in the room or who was involved.

10. I was also concerned because what I observed was consistent with reports of a pattern of sexual misconduct involving Leachman, Self, and Jones involving other, similarly incapacitated young women.

11. Later that day, April 10, 2011, I emailed Dean Pesetski requesting a time to meet with her the following day. She agreed and we met in her in her office in Duke's Office of Student Conduct the following day, on Monday April 11, 2011.

12. During my meeting with Dean Pesetski, I reported the foregoing to Dean Pesetski. I also reported my concern that what I observed was a part of a pattern of behavior involving Colby, Self, and Jones; I reported my knowledge of reports of similar events involving Colby, Self, and Jones with other, similarly impaired or incapacitated young women that took place at the Provost's house; and I answered all of her questions.

13. At the conclusion of that meeting, Dean Pesetski told me that, based on what I reported to her, she would open a case in the Office of Student Conduct; that she would immediately close it; and that my report would be used and I would be contacted if the victim or any other victim corroborated the allegations that Colby, Self, and/or Jones may have engaged in sexual misconduct.

14. As Dean Pesetski explained it to me during our April 11 meeting, my report was not sufficient to justify an investigation, and that no further action would be taken unless additional information emerged.

2

Case 1:16-cv-01038-CCE-JLW   Document 81-2   Filed 02/02/18   Page 2 of 4

15. No one from law enforcement ever contacted me about my report or asked for my consent to search our room to collect evidence of the events I reported. To my knowledge, the Duke Police never searched our room.

16. I did not know the name of the young woman involved. I could have found out if I was asked to do that at the time I made my report. I was not asked to do so.

17. I was willing to participate in any investigation or testify at any proceeding about what I knew. Dean Pesetski assured me that I would be contacted if the Office of Student Conduct received any corroborating information or other reports of sexual misconduct involving Colby, Self, or Jones.

18. I am now aware of Ariana's allegations against Colby, Self, and Jones. Ariana's description of the events leading up to, surrounding, and including the rape she alleged took place on March 5-6 2011. Ariana's account is very similar to what I observed Colby, Self, and Jones do in connection with the visiting student on April 9-10, 2011, which I reported to Dean Pesetski on April 11, 2011. It also fits within the pattern of conduct that I described to Dean Pesetski.

19. Ariana's allegations are exactly the kind of corroborating information and similar report that Dean Pesetski led me to believe would trigger the Office of Student Conduct to open a case, to launch an investigation, and to contact me to solicit my participation in the investigation and related disciplinary proceedings.

20. After I made this report, I was never contacted by Christine Pesetski, the Office of Student Conduct, Duke Police, or anyone else employed by Duke University about my report, either to provide additional information, to assist in any further investigation, to testify in any proceeding, or for any other reason in connection with my report to Dean Pesetski.

21. No employee of Duke University ever notified me of either the Duke Police Department's, the Office of Student Conduct's, or the Office of Institutional Equity's investigation concerning Ariana's allegations against Colby, Self, and Jones. I was never asked to provide a statement or be interviewed concerning my report of their similar conduct involving the visiting student; or ask me to testify at the Office of Student Conduct's hearing on

3

Ariana Qayumi's allegations of sexual misconduct against Colby, Self, and/or Jones.

22. I certify, under penalty of perjury, that the foregoing statements are true and correct.

This the 31 day of January, 2018.

_____
ELI KOZIN

4

Case 1:16-cv-01038-CCE-JLW   Document 81-2   Filed 02/02/18   Page 4 of 4