IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ARIANA QAYUMI, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:16-CV-1038 |
| | ) | |
| DUKE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Catherine C. Eagles, District Judge.

In this Title IX suit, the plaintiff, Ariana Qayumi, contended that the defendant Duke University's response to her sexual assault by two other students was clearly unreasonable, depriving her of access to educational opportunities and forcing her to transfer to another school. Ms. Qayumi seeks to seal some of the evidence submitted in connection with Duke's summary judgment motion. Two non-litigant students who were accused of the assault and a third student allegedly involved with them in another assault join in her request and also seek to seal additional evidence, as well as certain portions of some of the summary judgment briefing and their own motion to seal.

**I.  Background**

"The courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). This right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d

567, 575 (4th Cir. 2004). When a party asks to seal judicial records, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Id.* at 576 (quoting).[1] The Court must also (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.*

"The common law presumption in favor of access attaches to all judicial records and documents," but the "First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Judicial records are "documents filed with the court . . . [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (collecting cases). To the extent the court does not rely on a document to reach its decision, the document is not a judicial record and no right of access applies. *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (citing *In re Application*, 707 F.3d at 290-91); *see also United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (observing some court-filed documents "may not qualify as judicial records at all"). The more rigorous First Amendment standard applies to documents filed in connection with a summary judgment motion in a civil case. *E.g.*, *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

---

[1] The Court omits internal citations, alterations, and quotation marks throughout this opinion, unless otherwise noted. *See United States v. Marshall*, 872 F.3d 213, 217 n. 6 (4th Cir. 2017).

The public's right of access "may be abrogated only in unusual circumstances." *Stone,* 855 F.2d at 182. The party seeking to limit public access bears the burden to show that sealing is appropriate. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access to judicial records "yields only in the existence of a compelling governmental interest . . . that is narrowly tailored to serve that interest." *In re Application*, 707 F.3d at 290.

The party seeking to seal must provide specific reasons to support its position. *Va. Dep't of State Police,* 386 F.3d at 575; *Press–Enter. Co. v. Superior Court of Ca., Riverside Cty.,* 478 U.S. 1, 15 (1986) (holding that "the First Amendment right of access cannot be overcome by [a] conclusory assertion"). Claims of confidentiality for court filings cannot be made indiscriminately and without evidentiary support. *Bayer CropSci. Inc. v. Syngenta Crop Prot., LLC*, No. 13-CV-316, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013); *accord GoDaddy.com LLC v. RPost Commc'ns Ltd*, No. CV-14-00126, 2016 WL 1158851, at *2 (D. Ariz. Mar. 24, 2016) ("[B]road allegations of harm, unsubstantiated by specific examples of articulated reasoning [are] not enough to overcome the strong presumption in favor of public access."). Statements in a brief are not evidence, *INS v. Phinpathya*, 464 U.S. 183, 188 n. 6 (1984), and are insufficient to justify a motion to seal.

**II.    Notice**

The Court has complied with the notice requirements set forth in *Stone* and *Rushford*. Duke, Ms. Qayumi, and the Non-Party Litigants filed these motions to seal between January and February 2018. Docs. 67, 70, 74, 82, and 91. Ms. Qayumi objects

3

to the sealing of Docs. 71-1, 71-3, 71-4, 71-5, 71-6, 71-8, 71-22, 83-1, 77, and 78. Doc. 87; Doc. 96-1. No other entity has objected to any of the motions to seal. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request to seal.").

**III. Analysis**

The public has a strong interest in transparency at the summary judgment phase. *See Rushford*, 846 F.2d at 252 ("If the case had gone to trial and the documents were thereby submitted to the court as evidence, such documents would have been revealed to the public and not protected"). As noted *supra*, the party seeking to limit public access bears the burden to show that sealing is appropriate.

A. Exhibits

    1. Law Enforcement Reports

The Non-Party Litigants seek to seal these reports, contending they are protected by FERPA[2] and contain sensitive personal information. Ms. Qayumi opposes the request for permanent sealing. Doc. 87 at 1-2; Doc. 96-1.

FERPA specifically excludes from its definition of "education records" those records "maintained by a law enforcement unit of the educational agency or institution

---

[2] The Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C.A. § 1232g (West), prohibits institutions receiving federal funds from releasing a student's educational records without written parental consent. § 1232g(b)(1). "Educational records" are "those records, files, documents, and other materials which (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution . . . ." § 1232g(a)(4)(A).

4

that were created by that law enforcement unit for the purpose of law enforcement." 20 U.S.C. 1232g(a)(4)(B)(ii). Moreover, two of the movants themselves did not act in a way consistent with their now-claimed privacy interests. One of the movants allowed the other to observe and film sex acts with a third student; they then showed the sex video to others and publicly discussed the sex acts with others. They have not explained why it was not harmful for them to show the video to others and yet it is harmful for their conduct in and surrounding the video to be discussed in public court filings. *See Jennings v. Univ. of N.C. at Chapel Hill*, 340 F. Supp. 2d 679, 683–84 (M.D.N.C. 2004) (discussing relevance of expectation of privacy to decision on motion to seal).

The "mere fact" that a public filing "may lead to a litigant's embarrassment … will not, without more, compel the court to seal its records." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Here, the students make no evidentiary showing that they will be harmed at all, and generalized claims of injury to reputation or relationships are insufficient to justify sealing. *See Pub. Citizen*, 749 F.3d at 270 (noting that this "Court has never permitted wholesale sealing of documents based upon unsubstantiated or speculative claims of harm"); *see also Arnold v. Pa. Dept. of Transp.*, 477 F.3d 105, 110 (3d Cir. 2007) (observing that "when parties do not describe their harm other than in generalized allegations of injury . . . have not satisfied the embarrassment factor in the good cause analysis").

The information in these police reports was important to the Court's decision, which turned in part on the nature and extent of the police investigation. The information was also the subject of substantial disagreement between the parties in their briefing.

Under these circumstances, the public has a particularly significant oversight interest in having access to documents relied upon by courts at summary judgment. *See Pub. Citizen*, 749 F.3d at 263 (noting that "public access to the courts promotes the institutional integrity of the Judicial Branch").

Given the minimal privacy interests of the students and the significant public interest in having access to evidence relevant to dispositive motions, as well as the legitimate public interest in how colleges respond to sexual assault complaints, *Doe v. Temple Univ.*, No. 14-4729, 2014 WL 4375613, at *2 (E.D. Pa. Sept. 3, 2014), the Court finds that the Non-Party Litigants have failed to meet the heavy burden to show that sealing is necessitated by a "compelling governmental interest" and that denial of access is "narrowly tailored to serve that interest." *Va. Dep't of State Police*, 386 F.3d at 575. These reports, Docs. 71-3, 71-4, 71-5, 71-6, 71-8, 71-16, 71-22, will be unsealed.

2. Records related to the Student Disciplinary Proceedings

To the extent the motion is directed towards correspondence related to these disciplinary proceedings between Duke administrators and the students, the motion will be denied as to Ms. Qayumi, Mr. Leachman, and Mr. Self and granted as to Mr. Jones. It will also be denied as to emails from Duke related to the investigation.

The student disciplinary process as to Mr. Jones was of only tangential relevance to the summary judgment motion, which primarily concerned Duke's response to actions by Mr. Leachman and Mr. Self. To the extent the Court does not rely on the information contained in documents in reaching its decision, no right of access to the documents applies. *See, e.g., In re Policy Mgmt. Sys. Corp.,* 67 F.3d 296 (table), 1995 WL 541623,

at *3–4 (4th Cir. Sept. 13, 1995) (holding that documents filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudication of the motion). Duke's letters to Mr. Jones were not cited in the Court's summary judgment order and unsealing these letters "would have little value in furthering the public oversight of the judicial process." *Bell v. Shinseki*, No. 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd,* 584 F. App'x 42 (4th Cir. 2014). Accordingly Duke's letters to Mr. Jones, Doc. 83-6 at 4-7, will remain sealed.

As to Ms. Qayumi, Mr. Leachman, and Mr. Self, however, the letters were important in establishing the timeline and nature of actions taken and not taken by Duke, which was the central issue at summary judgment.[3] The letters themselves disclose little that is not in the complaint. The same is true of Ms. Qayumi's March 2013 statement that resulted in disciplinary proceedings against Mr. Leachman and Mr. Self. There is intense and legitimate public interest in the systematic mistreatment of women and how various entities—including universities—address allegations of sexual assault. The judiciary's legitimacy depends on the public's confidence in its fair and transparent adjudication of disputes. *See Hicklin Eng'g, L.C. v. Bartell,* 439 F.3d 346, 348 (7th Cir. 2006) ("The political branches of government claim legitimacy by election, judges by

---

[3] An agreement by the parties that certain documents should remain sealed is relevant but ordinarily does not constitute a compelling interest by itself. *See R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp.*, 584 F.3d 1, 12 (1st Cir. 2009) ("Sealing orders are not like party favors, available upon request or as a mere accommodation."); *cf. Cochran v. Volvo Grp. N. Am., LLC*, 931 F. Supp. 2d 725, 730 (M.D.N.C. 2013) (parties' agreement that certain materials should be kept confidential is relevant in some circumstances).

7

reason. Any step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification."), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital, Inc*., 827 F.3d 689 (7th Cir. 2016). The Court concludes that these letters, Docs. 68-1, 68-2, 68-3, 68-5, 68-6, 71-11, 71-12, 71-13, 71-14, 71-17, 83-6 at pp. 1-3, should not remain sealed.[4]

Two of the letters, Docs. 71-11 and 71-12, contain contact information for student disciplinary advisors. This contact information is not relevant substantively and the conduct of these student advisors was not at issue in the case. This contact information can remain under seal.

The emails and other written messages between Ms. Qayumi and Duke administrators, as well as those emails between and among Duke administrators, Docs. 68-4, 68-10, 83-5, 83-7, need not remain sealed, for the same reasons the letters to the students should not remain sealed. These materials were important to the Court's decision granting summary judgment and contain little information not in Ms. Qayumi's complaint.

The hearing packet, Dr. Irvine's report, the panel decision, the audio of the student disciplinary hearing, and the transcript of the student disciplinary hearing will remain sealed. They contain much information that is either not particularly relevant to the issues before the Court on summary judgment or is repetitive, and they are clearly covered by FERPA. *See United States v. Miami Univ.*, 91 F. Supp. 2d 1132, 1150–51

---

[4] Ms. Qayumi does not request that Docs. 71-11, 71-12, 71-13, 71-14, 71-17, or 83-6 remain sealed. Doc. 96-1.

(S.D. Ohio 2000), *aff'd,* 294 F.3d 797 (6th Cir. 2002) (finding that student disciplinary records are "education records" within the meaning of FERPA); *see also Jennings*, 340 F. Supp. 2d at 682 ("Federal legislation like FERPA may be relevant to a court's determination of whether there is a compelling governmental interest . . . ."). These exhibits, Doc. 68-7, 68-8, 71-15, 71-19, 71-21, 83-8, will remain sealed.

3. Ms. Qayumi's Google Chat Instant Messages: Doc. 68-9

The Google Chat messages exchanged between Ms. Qayumi and her brother on July 20, 2012, Doc. 68-9, will remain sealed. These messages were not cited in the Court's summary judgment order and it is not entirely clear for what purpose they were offered. As the Court did not rely on these messages in reaching its decision, no right of access applies. *See Hunter*, 961 F. Supp. 2d at 806. Moreover, because the instant messages are either irrelevant or duplicative, they "would have little value in furthering the public oversight of the judicial process." *Bell*, 2013 WL 3157569, at *9.

4. The Cell Phone Video: Doc. 71-9.

The cell phone video, Doc. 71-9, will remain sealed. Although there is no doubt the video was important, sealing it protects the dignity of the proceedings and prevents misuse. It is also clear that Ms. Qayumi has a compelling interest in sealing the video, which was taken without her consent and over her objection. *See Kamakana*, 447 F.3d at 1179 (compelling reasons for sealing court records exist when "court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite [or] promote public scandal"); s*ee also Painter v. Doe*, No. 3:15-CV-369, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016). Ms. Qayumi's request that the video remain

sealed is also narrowly tailored. The video and its audio is described in the Court's order granting summary judgment and there is a transcript of the video in a police reports.

    5. Letters between counsel

The parties agree that letters between counsel about sealing need not remain sealed. Docs. 83-9, 83-10, 83-11. These exhibits will be unsealed.

    6. Ms. Qayumi's deposition, Doc. 83-2

Ms. Qayumi asks to seal her deposition. The Non-Party Litigants join in this request. As previously noted, *supra* n. 3, the agreement of the parties is insufficient to constitute a compelling interest. Ms. Qayumi's deposition covers little sensitive information not mentioned in the police reports. And it was the primary evidence that she offered in opposing summary judgment. Because this case is about Duke's response to Mr. Leachman's and Mr. Self's alleged sexual assault of Ms. Qayumi, her deposition is necessary for public understanding of the issues in dispute and Duke's response. Given this, the public has a strong interest in access to the evidence underpinning the Court's grant of summary judgment, *see Pub. Citizen*, 749 F.3d at 267, and there is little benefit to sealing since other exhibits disclose essentially the same information. Nor has Ms. Qayumi offered a compelling interest sufficient to outweigh the public interest in transparency. For this reason, this exhibit, Doc. 83-2, will not remain sealed.

    7. Dr. Bryce's Deposition, Doc. 83-3

Ms. Qayumi requests that the deposition of her psychiatrist, Doc. 83-3, remain sealed. It is well-established that the need to protect medical privacy can be a compelling reason for sealing records. *E.g., Brodsky v. Baca*, No. 3:14-CV-00641, 2015 WL

6962867 at *1 (D. Nev. Nov. 10, 2015). Dr. Bryce's deposition falls within this exception. Moreover, Dr. Bryce's deposition was not particularly relevant to summary judgment. The parts of her deposition that are relevant are largely repetitive of other evidence in the record. Additionally, information concerning sexual assault victims that "serves no useful public or investigative purpose" should remain sealed. *See Wilmink v. Kanawha Cty. Bd. of Educ.,* No. 2:03–0179, 2006 WL 456021, at *3 (S.D.W. Va. Feb. 23, 2006). In short, the Court is satisfied that Ms. Qayumi has put forth a compelling reason for sealing Dr. Bryce's deposition. For this reason, Doc. 83-3 will remain sealed.

        8.  Mr. Leachman's Emails

The Non-Party Litigants seek to seal a large number of emails sent to or from Mr. Leachman or on which he was copied. These emails are largely about the disciplinary process. *See* Doc 83-4. Only three of these emails—sent from Lori Leachman to Duke administrators—have any potential relevance. Doc. 83-4 at 30, 32, 71. These emails were specifically discussed in the Court's opinion. They will be unsealed.

The remaining emails in Doc. 83-4 will remain sealed. The Court did not consider these emails in reaching its decision and, as such, these emails are not judicial records. *See Hunter*, 961 F. Supp. 2d at 806.

    B.  Summary Judgment Briefing and Declarations of Witnesses

The Non-Party Litigants seek to seal those parts of the briefs and declarations that disclose their names and that discuss Ms. Qayumi's reports over time about the sexual assaults, law enforcement reports, and the student disciplinary process. The motion will be denied. The names of the Non-Party Litigants are already public, as they are in the

11

complaint. Much of the more detailed information is found in the police reports, which as the Court determined, *supra*, are not appropriately sealed. These briefs and declarations, Docs. 71-1, 71-2, 71-7, 71-10, 71-18, 71-20, 83-1, 92, will be unsealed.

C. Motion and Brief in Support of Motion to Seal

The Non-Party Litigants seek to seal their attorney's notice of appearance as well as their motion and brief in support of the motion to seal. The Court can think of no reason to seal these materials. They do nothing more than disclose the same information that is present in the unsealed complaint. The identities of Mr. Leachman and Mr. Self as the students Ms. Qayumi accuses of rape are made known in the complaint, as is Mr. Jones' alleged involvement in another incident of alleged sexual misconduct. The brief itself discloses no salacious details. This motion, notice of appearance, and the brief in support, Docs. 76, 77, 78, will be unsealed.

It is **ORDERED** that the motions to seal, Docs. 67, 70, 74, 82, and 91, are **GRANTED in part and DENIED in part as follows:**

1. The Clerk **SHALL** maintain the following documents under seal: Docs. 68-7, 68-8, 68-9, 71-9, 71-11, 71-12, 71-15, 71-19, 71-21, 83-3, 83-4, 83-6, 83-8.

2. The Clerk **SHALL** unseal the following documents: Docs. 68-1, 68-2, 68-3, 68-4, 68-5, 68-6, 68-10, 71-1, 71-2, 71-3, 71-4, 71-5, 71-6, 71-7, 71-8, 71-10, 71-13, 71-14, 71-16, 71-17, 71-18, 71-20, 71-22, 76, 77, 78, 83-1, 83-2, 83-5, 83-7, 83-9, 83-10, 83-11, 92.

It is **FURTHER ORDERED** that Duke **SHALL** make redacted versions of certain documents available on the public docket as follows:

1. Duke shall file redacted copies of Doc. 71-11 and Doc. 71-12 that redact only the disciplinary advisors' contact information.

2. Duke shall file a redacted copy of Doc. 83-4 that redacts pages 1-29, 31, 33-70, and 72-143. Duke shall not redact pages 30, 32, and 71.

3. Duke shall file a redacted copy of Doc. 83-6 that redacts pages 4-7. Duke shall not redact pages 1-3.

This the 1st day of May, 2018.

                                                UNITED STATES DISTRICT JUDGE